E-FILED
Tuesday, 18 April, 2017   11:49:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LAWRENCE TERRELL TURNER, | ) |
| Petitioner, | ) |
| v. | ) Case No.  1:17-cv-1081-JBM |
| J.E. KREUGER, Warden | ) |
| Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on Petitioner Lawrence Turner's Motion for Leave to Appeal in forma pauperis. (Doc. 16). For the reasons that follow, Petitioner's motion is denied.

### BACKGROUND

On March 10, 2005, Petitioner pled guilty to conspiracy to distribute cocaine and cocaine base. *See* Plea Agreement, *United States v. Turner*, No. 2:05-cr-00011-RTR-1 (E.D. Wis. Mar. 10, 2005). The Government sought a sentence enhancement for a prior conviction for a felony drug offense pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851(a). *See* Information to Establish Prior Conviction, *United States v. Turner*, No. 2:05-cr-00011-RTR-1. The previous conviction was a 1993 conviction for possession of cocaine base with intent to deliver, in violation of Wisconsin Statute § 161.41(1m)(cm).[1] *See* Information to Establish Prior Conviction, *United States v.*

---

[1] The Court notes that the Information to Establish Prior Conviction form does not state the Wisconsin Statute, but rather states only that Petitioner was convicted of

*Turner*, No. 2:05-cr-00011-RTR-1; (Doc. 1 at 12). The plea agreement acknowledged that Petitioner was subject to a mandatory minimum punishment of twenty (20) years of incarceration and a maximum punishment of life imprisonment with the sentence enhancement under 21 U.S.C. § 851. *Id.* On November 9, 2006, Petitioner was sentenced to 270 months of incarceration. *See* Judgment, *United States v. Turner*, No. 2:05-cr-00011-RTR-1.

On February 17, 2017, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner argued that his predicate conviction no longer served as "controlled substance offense" under *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016). (Doc. 1 at 1). On March 3, 2017, the Court denied Petitioner's § 2241 Petition because he could not meet the requirements to invoke the Savings Clause under 28 U.S.C. § 2255 in order to be able to file a § 2241 Petition. (Doc. 2 at 5). Furthermore, the Court found that even if Petitioner had met the requirements, Petitioner's argument would fail on its merits because Petitioner's sentence enhancement under 21 U.S.C. § 841 was predicated on a prior "felony drug offense," not a "controlled substance offense." (Doc. 2 at 5).

On March 13, 2017, Petitioner filed a "Motion for Reconsideration," which is actually a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil

---

"Possession of Cocaine Base with Intent to Deliver." The Court notes that possession of cocaine base with intent to deliver was a violation of Wisconsin Statute § 161.41(1m)(cm). (1994); *see, e.g.*, *State v. Porter*, 532 N.W.2d 145 (Wis. Ct. App. 1995) ("possession of cocaine base with intent to deliver, contrary to § 161.41(1m)(cm)"); *State v. Jackson*, 525 N.W.2d 165, 166 (Wis. Ct. App. 1994) ("possession of cocaine base with intent to deliver, contrary to § 161.41(1m)(cm)1."). The Court also that Petitioner states his conviction was in violation of Wisconsin Statute § 161.14; however, the Court notes that Wisconsin Statute § 161.14 is the statute defining Schedule I substances and is therefore the incorrect statute.

2

Procedure 59(e). (Doc. 5). Petitioner argued that he was making a claim under *Mathis v. United States*, 136 S. Ct. 2243 (2016); therefore, he argued that he meets the requirements to invoke the Savings Clause. (Doc. 5 at 1). Petitioner also argued that the § 841 sentence enhancement does not define "felony drug offense;" therefore the Court should adopt the definition of "controlled substance offense" and find that Petitioner's predicate act does not meet that definition under *Mathis* and *Hinkle*. (Doc. 5 at 3-4).

On March 17, 2017, the Court denied Petitioner's Motion to Alter or Amend Judgment under Rule 59(e). (Doc. 9). The Court found that Petitioner still failed to meet the requirements to invoke the Savings Clause under 28 U.S.C. § 2255 in order to be able to file a § 2241 Petition. (Doc. 9 at 2). Furthermore, the Court found that Petitioner's predicate offense met the definition of a "felony drug offense" and that *Mathis* and *Hinkle* were inapplicable. (Doc. 9 at 4).

On March 13, 2017, Petitioner filed a Notice of Appeal as to the Court's denial of his § 2241 Petition. (Doc. 5). On March 27, 2017, Petitioner filed a Notice of Appeal as to the Court's denial of Petitioner's Rule 59(e) Motion to Alter or Amend Judgment. (Doc. 10). On April 6, 2017, Petitioner filed a Motion for Leave to Appeal in forma pauperis. (Doc. 16). On appeal, Petitioner asserts, without providing any legal support, that the definition for "felony drug offense" is overly broad and "must certainly violate a defendant's constitutional rights." (Doc. 17 at 1).

## LEGAL STANDARDS

Under 28 U.S.C. § 1915(a), an indigent prison litigant may pursue an appeal by filing an affidavit that includes a statement of all assets such prisoner possesses,

3

and affirms that the prisoner is unable to pay court fees or provide security therefor. The affidavit must also state the nature of the appeal and the affiant's belief that he is entitled to redress. The prisoner must also submit a certified copy of his trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

In order to grant a motion for leave to appeal in forma pauperis, the court must find both that the petitioner does not have the means to pay the filing fee for his appeal and that his appeal is taken in good faith. Section 1915(a)(3) explicitly provides an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

## DISCUSSION

Although the Court finds that Petitioner would be unable to afford the filing fee, the Court denies Petitioner's Motion for Leave to Appeal in forma pauperis because it is not taken in good faith. Petitioner's argument on appeal is that the sentencing enhancement under 21 U.S.C. § 841 is overly broad. However, Petitioner provides no legal support for that assertion. Without some legal support, the Court finds that no reasonable person could suppose that Petitioner's argument has merit.

Furthermore, if Petitioner relies on his assertions that his predicate offense is not a "felony drug offense," the Court finds Petitioner is similarly without a

4

meritorious appeal. As the Court explained in its March 3rd and March 17th Orders, Petitioner's argument fails both procedurally and substantively. (Docs. 2 & 9).

Because no reasonable person could suppose that Petitioner's appeal has some merit, the Court concludes that Petitioner's appeal is not taken in good faith. *See Walker*, 216 F.3d at 632. Because Petitioner's appeal is not taken in good faith, the Court denies Petitioner's Motion for Leave to Appeal in forma pauperis. Under Federal Rule of Appellate Procedure 24, Petitioner has thirty (30) days from the date of this order in which to ask the United States Court of Appeals for the Seventh Circuit to review this court's denial of leave to proceed in forma pauperis on appeal or to pay the appellate filing and docketing fee of $505 to the Clerk of Court in this District.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Leave to Appeal in forma pauperis (Doc. 16) is DENIED. Petitioner's Motion to Show Good Faith (Doc. 17) is DISMISSED AS MOOT. Pursuant to Federal Rule of Appellate Procedure 24(a)(4) the Clerk is ordered to immediately notify the parties and the Seventh Circuit Court of Appeals that this Court has denied Petitioner's motion and has certified that the appeal is not taken in good faith because it is without merit.

Entered this __18th__ day of April, 2017.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
